# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-12160

_____

HM FLORIDA-ORL, LLC,

                                              Plaintiff-Appellee,

*versus*

GOVERNOR OF FLORIDA, et al.,

                                              Defendants,

SECRETARY OF THE FLORIDA DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION,

                                              Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:23-cv-00950-GAP-LHP

_____

Before JORDAN, ROSENBAUM, and BRASHER, Circuit Judges.

BY THE COURT:

For the reasons which follow, the motion for a partial stay of the district court's preliminary injunction is denied.

I

HM Florida operates a restaurant in Orlando. It frequently presents drag show performances, comedy sketches, and dancing, including so-called "family friendly" drag performances on Sundays where children are invited to attend.

Invoking 42 U.S.C. § 1983, HM Florida sued Melanie Griffin, the Secretary of the Department of Business and Professional Regulation of the State of Florida, in her official capacity to challenge the constitutionality of Fla. Stat. § 827.11. This statute prohibits

any person from knowingly admitting a child to an "adult live performance."[1]

The district court granted HM's motion for a preliminary injunction, ruling in part that HM had shown a substantial likelihood of success on the merits. The district court ruled that § 827.11 is likely overbroad (and therefore likely unconstitutional) under the First Amendment because "lewd conduct" and "lewd exposure of prosthetic or imitation genitals or breasts" are not defined in the statute. *See* D.E. 30 at 20-24. The preliminary injunction issued by the district court prohibited Secretary Griffin from enforcing § 827.11. *See* D.E. 30 at 25 ("Melanie Griffin, in her official capacity as Secretary of the Florida Department of Business

---

[1] The statute defines "adult live performance" as:

> Any show, exhibition, or other presentation in front of a live audience which, in whole or in part, depicts or simulates nudity, sexual conduct, sexual excitement, or specific sexual activities as those terms are defined in s. 827.001, lewd conduct, or the lewd exposure of prosthetic or imitation genitals or breasts when it:
>
> 1. Predominantly appeals to a prurient, shameful, or morbid interest;
>
> 2. Is patently offensive to prevailing standards in the adult community of this state as a whole with respect to what is suitable material or conduct for the age of the child present; and
>
> 3. Taken as a whole, is without serious literary, artistic, political, or scientific value for the age of the child present.

and Professional Regulation, is hereby ENJOINED from instituting, maintaining, or prosecuting any enforcement proceedings under the Act[.]").[2]

Secretary Griffin asked the district court for a partial stay of the preliminaty injunction so that she could enforce § 827.11 against everyone but HM. The district court denied the motion for a partial stay, explaining that it had concluded that § 827.11 was likely overbroad, and therefore likely to be unconstitutional on its face. The district court also explained that, where overbreadth is the constitutional problem, a preliminary injunction prohibiting all enforcement of the statute is appropriate. *See* D.E. 41 at 4-8.

After appealing the district court's preliminary injunction, Secretary Griffin has moved for a partial stay of the injunction. She argues that we should stay the preliminary injunction in part to allow her to enforce § 827.11 as to all parties except HM. Not surprisingly, HM opposes the motion.

II

In reviewing Secretary Griffin's motion for a partial stay of the preliminary injunction, "we consider the following factors: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be

---

[2]By its terms, the preliminary injunction did not purport to run against non-parties. *See generally* Stuart Buck & Mark L. Rienzi, *Federal Courts, Overbreadth, and Vagueness: Guiding Principles for Constitutional Challenges to Uninterpreted State Statutes*, 2002 Utah L. Rev. 381, 441-46 (2002).

irreparably injured absent a stay, (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies. The first two factors are the most critical. It is not enough that the chance of success on the merits be better than negligible. ... By the same token, simply showing some possibility of irreparable injury ... fails to satisfy the second factor." *Robinson v. Atty. General of Alabama*, 957 F.3d 1171, 1176-77 (11th Cir. 2020) (internal quotation marks and citation omitted).

The district court, in granting a preliminary injunction and denying the motion for a partial stay, did not definitively rule on the merits of the case. Today, we likewise do not conclusively resolve the merits of Secretary Griffin's appeal. A preliminary injunction is reviewed under the deferential abuse of discretion standard, *see Benisek v. Lamone*, 138 S.Ct. 1942, 1943 (2018), so the narrow question for us is whether Secretary Griffin has made a strong showing that the district court abused its discretion with respect to the scope of the preliminary injunction.

### III

Secretary Griffin asserts that, pending resolution of her appeal, she should be allowed to enforce § 827.11 as to everyone but HM. Citing cases criticizing the issuance of universal/nationwide injunctions, *see, e.g., Georgia v. President of the United States*, 46 F.4th 1283, 1306-07 (11th Cir. 2022) (majority opinion) ("reviewing courts should . . . be skeptical of [universal] injunctions premised on the need to protect nonparties"), she argues that the district

court could only award injunctive relief vis-à-vis HM and could not prevent enforcement of § 827.11 against other persons or entities.

As noted, the district court concluded that HM established a substantial likelihood of prevailing on its claim that § 827.11 is overbroad in violation of the First Amendment. And for purposes of her motion for partial stay, Secretary Griffin does not take issue with the merits of the district court's overbreadth ruling. The question, then, is whether Secretary Griffin has made a strong showing that the district court abused its discretion in issuing a preliminary injunction that prohibited her from enforcing § 827.11—which is likely overbroad and unconstitutional—against anyone.

Secretary Griffin also cites to *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975), where the Supreme Court said that "neither declaratory nor injunctive relief can directly interfere with enforcement of contested statutes or ordinances except with respect to the particular federal plaintiffs, and the State is free to prosecute others who may violate the statute." And she argues that in some First Amendment cases the Supreme Court has limited injunctive relief to the parties before it or just reversed the particular defendant's conviction. *See, e.g., United States v. Nat'l Treasury Employees Union*, 513 U.S. 454, 477 (1995); *Thornhill v. Alabama*, 310 U.S. 88, 91 (1940). *Accord* Richard H. Fallon, Jr., *Making Sense of Overbreadth*, 100 Yale L. J. 853, 853-54 (1991) (citing *Doran* for the proposition that when "a lower federal court pronounces a state statute void for overbreadth," the "binding effect of the federal judgment extends no further than the parties to the lawsuit," and asserting that "[a]gainst nonparties, the state remains free to lodge criminal prosecutions").

As a general matter, injunctions should be "limited in scope to the extent necessary to protect the interests of the parties." *Garrido v. Dudek*, 731 F.3d 1152, 1159 (11th Cir. 2013). The First Amendment doctrine of overbreadth, however, is meant to "vindicate the rights of others not before the court." *CAMP Legal Defense Fund, Inc. v. City of Atlanta*, 451 F.3d 1257, 1271 (11th Cir. 2006). As a result, it "operates as an exception to the normal rules of standing." *Regan v. Time*, 468 U.S. 641, 651 n.8 (1984).

The problem for Secretary Griffin is that statutes which are unconstitutionally overbroad are "properly subject to facial attack." *Secretary of State of Md. v. Joseph H. Munro, Inc.*, 467 U.S. 947, 968 (1984) (rejecting argument that state statute found to be overbroad should not "str[uck] down on its face"). As a result, a successful overbreadth challenge "suffices to invalidate *all* enforcement of th[e] law 'until and unless a limiting construction or partial invalidation so narrows it as to remove the threat or deterrence to constitutionally protected expression.'" *Virginia v. Hicks*, 539 U.S. 113, 119 (2003) (emphasis in original) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 613 (1973)). The Supreme Court has "provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or 'chill' constitutionally protected speech—specially when the overbroad statute imposes criminal sanctions." *Id.* "Overbreadth adjudication, by suspending *all* enforcement of an overinclusive law, reduces the[ ] social costs caused by the withholding of protected speech." *Id.* (emphasis in original).

23-12160               Order of the Court                    8

Take *Ashcroft v. ACLU*, 542 U.S. 656 (2004), which involved First Amendment challenges to a federal law, the Child Online Protection Act. The district court concluded that the plaintiffs were likely to succeed on their claims that the Act violated the First Amendment and issued a preliminary injunction prohibiting the Attorney General from enforcing or prosecuting matters under the Act. *See ACLU v. Reno*, 266 F.Supp.2d 473, 498-99 (E.D. Pa. 1999). The district court specifically rejected the government's argument that the preliminary injunction should be limited to the plaintiffs who had filed suit, explaining that the Attorney General had "presented no binding authority or persuasive reason that [it] should not enjoin total enforcement of [the Act]." *Id.* at 499 n.8. On remand from the Supreme Court, the Third Circuit upheld the issuance of the preliminary injunction, and ruled in part that the plaintiffs were likely to prevail on their claim that the Act was overbroad in violation of the First Amendment. *See ACLU v. Ashcroft*, 322 F.3d 240, 266-71 (3d Cir. 2003).

When the case came before it again, the Supreme Court affirmed. Without addressing the overbreadth claim, the Court held that the district court and the Third Circuit had properly concluded that the plaintiffs were likely to prevail on their claims that the Act violated the First Amendment, and then upheld the issuance of the preliminary injunction—which prohibited enforcement and prosecution altogether—with these words: "There are also important practical reasons to let the injunction stand pending a full trial on the merits. First, the potential harms from reversing the injunction outweigh those of leaving it in place by mistake. Where a

prosecution is a likely possibility, yet only an affirmative defense is available, speakers may self-censor rather than risk the perils of trial. There is a potential for extraordinary harm and a serious chill upon protected speech. The harm done from letting the injunction stand pending a trial on the merits, in contrast, will not be extensive. No prosecutions have yet been undertaken under the law, so none will be disrupted if the injunction stands. Further, if the injunction is upheld, the Government in the interim can enforce obscenity laws already on the books." *Ashcroft*, 542 U.S. at 670-71 (citation omitted).

Our cases also support the scope of the district court's preliminary injunction. In *FF Cosmetics Fl, Inc. v. City of Miami Beach*, 126 F.Supp.3d 1316, 1332, 1334 (S.D. Fla. 2015), the district court ruled in part that the plaintiffs were likely to succeed on their claim that a city anti-handbilling ordinance prohibited "far more than commercial speech" and was overbroad and unconstitutional under the First Amendment. The district court then issued a preliminary injunction prohibiting the city from enforcing the anti-handbilling ordinance altogether. *See id.* at 1336. On appeal, we affirmed the district court's ruling on the overbreadth claim and upheld the preliminary injunction. *See FF Cosmetics Fl, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1303-04 (11th Cir. 2017) (relying on *Broadrick* and explaining that enforcement of the overbroad ordinance was "totally forbidden" until it was judicially narrowed or partially invalidated because "of a judicial prediction or assumption that the statute's very existence may cause others not before the

23-12160               Order of the Court                    10

court to refrain from constitutionally protected speech or expression").

*FF Cosmetics* is not an outlier in our circuit. In other cases where a law has been found to be overbroad in violation of the First Amendment, we have affirmed injunctions preventing enforcement of a law or ordinance against nonparties as well as parties. *See, e.g., KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1262, 1273 (2006) (permanent injunction: "Quite simply, the district court did not abuse its discretion by enjoining the enforcement of section 1.0 of the [billboard] ordinance."); *Clean Up '84 v. Heinrich*, 759 F.2d 1511, 1512–1514 (11th Cir. 1985) (affirming a district court's ruling that a Florida statute prohibiting the solicitation of signatures on petitions within 100 yards of a polling place was facially overbroad and affirming a preliminary injunction prohibiting enforcement of the statute).

To recap, the district court concluded that § 827.11 was likely overbroad and unconstitutional under the First Amendment, and Secretary Griffin does not take issue with that ruling in her motion for a partial stay. Given Supreme Court cases like *Ashcroft* and Eleventh Circuit cases like *FF Cosmetics*—which have affirmed preliminary injunctions barring enforcement of a statute or ordinance which is likely overbroad—Secretary Griffin has not made a substantial showing that the district court erred in crafting the preliminary injunction to prohibit her from enforcing § 827.11.

In his dissent, our colleague asserts that we should grant the partial stay because a federal court cannot unnecessarily extend an

injunction to nonparties when an individual plaintiff's injury can be completely redressed by party-specific relief. He cites to Supreme Court cases like *Doran* and *National Treasury Employees Union* and to our decision in *Georgia*. We recognize that these cases provide some support for a partial stay, but they are not the only authorities on point, and given the division of authority in both the Supreme Court and in this circuit we cannot say that the district court abused its discretion. When the governing law is divided or unclear, it is difficult to say that a district court has committed a "clear error of judgment," *Emergency Recovery, Inc. v. Hufnagle*, 77 F. 4th 1317, 1324 (11th Cir. 2023), in choosing one line of authority over another.

IV

Secretary Griffin's motion for a partial stay is denied.

23-12160               BRASHER, J., Dissenting                    1

BRASHER, Circuit Judge, dissenting from the order denying the motion for a partial stay:

I would grant the motion for a partial stay pending appeal. The district court issued a universal injunction prohibiting the enforcement of a state criminal law against anyone and everyone, even though the plaintiff HM Florida-ORL, LLC's asserted injury would be remedied by an injunction protecting only HM from prosecution. Although we have granted partial stays in comparable cases when a district court has gone too far in enjoining the enforcement of a state law, *see Garcia v. Executive Director, Florida Commission on Ethics*, No. 23-10872 (11th Cir. June 5, 2023), the majority fails to stay the overbroad injunction in this case. Because this result is contrary to our precedents, I respectfully dissent.

The appellant's motion raises the following question: Can a district court unnecessarily extend an injunction to nonparties when an individual plaintiff's injury can be completely redressed by party-specific relief? The answer under our precedents is an emphatic "no." *See Georgia v. President of the United States*, 46 F.4th 1283, 1303–08 (11th Cir. 2022). Because the federal courts may resolve only concrete cases or controversies, we are limited to "vindicat[ing] the individual rights of the people appearing before" us. *Gill v. Whitford*, 138 S. Ct. 1916, 1933 (2018). That means "remedies should be limited to the inadequacy that produced the injury in fact that the plaintiff has established, and no more burdensome to the defendant than necessary to provide complete relief to the

23-12160              BRASHER, J., Dissenting                2

plaintiffs." *Georgia*, 46 F.4th at 1303 (internal quotation marks and citations omitted).

These principles are nonnegotiable in every case, but they are especially salient when we are enjoining a government officer from enforcing a law. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see also Abbott v. Perez*, 138 S. Ct. 2305, 2324 n.17 (2018) ("[T]he inability to enforce its duly enacted [laws] clearly inflicts irreparable harm on the State."). We have held that a universal injunction against the enforcement of a law is justified only if "an injunction limited in scope" would not "provide complete relief to the plaintiffs." *Georgia*, 46 F.4th at 1303–04 (citation omitted); *see id.* at 1308.

The majority makes no attempt to explain why the district court needed to enjoin the enforcement of the challenged law against nonparties to provide complete relief to HM. That's because it didn't. HM runs a restaurant and nightclub in Orlando. HM's injury is the fear of being prosecuted for violating Florida Statutes section 827.11. A preliminary injunction prohibiting state officials from enforcing that law against HM and anyone acting in concert with HM would completely remedy HM's injury. *See* Fed. R. Civ. P. 65(d). Nothing more is necessary or appropriate. Under our precedents, that's the end of the matter, and the motion for a partial stay should be granted.

The majority says that we don't need to follow these established principles because HM brought a First Amendment *overbreadth* challenge to this statute instead of some other kind of claim.

23-12160            BRASHER, J., Dissenting            3

But I don't see how the nature of HM's claim moves the needle. A district court can't enter an overbroad injunction just because it's dealing with an overbroad statute.

To hold otherwise, the majority conflates the merits of a legal claim with the scope of the remedy for that claim. The First Amendment overbreadth doctrine is relevant to the former, but not the latter. That is, the doctrine recognizes that a state law may be unconstitutional because of how it applies to most people, even if there is no problem with the statute as it applies to the plaintiff's unique circumstances. *See Broadrick v. Oklahoma*, 413 U.S. 601, 611–12 (1973). But a plaintiff with a successful overbreadth claim gets the same relief as a plaintiff with any other successful claim—a remedy that is "no more burdensome to the defendant than necessary to provide complete relief." *Georgia*, 46 F.4th at 1303*; see also* Richard H. Fallon, Jr., *Making Sense of Overbreadth*, 100 Yale L.J. 853, 853-54 (1991).

The Supreme Court made this same point in *United States v. National Treasury Employees Union*, 513 U.S. 454 (1995). After concluding that a statute violated the First Amendment rights of certain government employees, the district court issued an injunction that banned the enforcement of the statute against all the employees in "the entire Executive Branch of the Government." *Id.* at 477. The Supreme Court held that the district court had erred and modified the injunction, narrowing it to cover only the plaintiffs in the case. *Id.* at 477–78. The Supreme Court explained that "although the occasional case requires us to entertain a facial challenge in

23-12160               BRASHER, J., Dissenting                    4

order to vindicate a party's right not to be bound by an unconstitutional statute, we neither want nor need to provide relief to nonparties when a narrower remedy will fully protect the litigants." *Id.* (internal citations omitted).

The majority refuses to follow the Supreme Court's decision in *National Treasury Employees Union* or our decision in *Georgia*. Instead, the majority relies on a handful of cases in which no one challenged the extra-party scope of the injunction at issue. These cases contribute to what we have disapprovingly identified as "several decades of tacit acquiescence in universal . . . remedies." *Georgia*, 46 F.4th at 1306; *see also Rodgers v. Bryant*, 942 F.3d 451, 467–68 (8th Cir. 2019) (Stras, J., concurring in part and dissenting in part). But they are neither binding nor persuasive. It has long been the law that questions that "merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925).

For example, the majority says that *Ashcroft v. ACLU*, 542 U.S. 656, 670–71 (2004), supports its position. But, just as in the other cases cited by the majority, the government did not challenge the injunction in *Ashcroft* on the grounds that it extended to nonparties, and the Supreme Court did not address that question. The Supreme Court instead considered whether the plaintiffs had established a likelihood of success on the merits such that *any* preliminary injunction should have been entered at all. 542 U.S. at 664–70. That is, the question presented in *Ashcroft* was "[w]hether the Child

23-12160            BRASHER, J., Dissenting                 5

Online Protection Act violates the First Amendment to the United States Constitution." *See* Br. for Pet'rs, *Ashcroft v. ACLU*, 542 U.S. 656 (2004) (No. 03-218), 2003 WL 22970843. "Nowhere did the Supreme Court [in *Ashcroft*] address the scope of the injunction, much less decide that universal preliminary injunctions are appropriate whenever a facial challenge is likely to succeed." *Rodgers*, 942 F.3d at 468 n.11 (Stras, J., concurring in part and dissenting in part) (citing *Ashcroft*, 542 U.S. at 670–71).

But even if *Ashcroft* implicitly approved a nonparty injunction in that case, it wouldn't support the majority's position that a nonparty injunction could be appropriate here. In *Ashcroft*, a dozen plaintiffs—including membership organizations like the ACLU and mass media organizations like the Salon Media Group, Inc—sued to enjoin the operation of a law that regulated content on the internet. *See* Br. for Respondents, *Ashcroft v. ACLU*, 542 U.S. 656 (2004) (No. 03-218), 2004 WL 103831, at *2, *5 n.2; *see also Ashcroft*, 542 U.S. at 663. Given the nature of that law and those plaintiffs, it's easy to see how a district court could reasonably believe a broad injunction would be necessary to provide complete relief—an injunction directed only to the ACLU's thousands of members and Salon.com's millions of online readers would not even be administrable. *But see Georgia*, 46 F.4th at 1307 (casting doubt on whether such considerations justify nonparty relief). Here, however, we have a single plaintiff that operates a single brick-and-mortar restaurant in a single city. An injunction addressed to everyone in Miami, Tallahassee, Jacksonville, Tampa, and everywhere else in Florida provides no benefit to that plaintiff and solves no

23-12160                B<small>RASHER</small>, J., Dissenting                6

administrability concern, but it nonetheless imposes significant burdens on the defendant.

In short, this motion requires us to determine what relief is necessary to remedy HM's injury. The majority doesn't even ask that question, much less give the right answer. Because HM's injury would be remedied by an injunction prohibiting enforcement of Florida Statutes section 827.11 against HM, I respectfully dissent from the majority's decision to deny the motion for a partial stay.