No. 23-12160

# In the United State Court of Appeals
# For the Eleventh Circuit

HM FLORIDA-ORL, LLC,

*Plaintiff-Appellee*

v.

MELANIE GRIFFIN, Secretary,
Department of Business and
Professional Regulation,
State of Florida

*Defendant-Appellant.*

**RESPONSE IN OPPOSITION TO APPELLANT'S
MOTION FOR STAY PENDING APPEAL**

On Appeal from the United States District Court
For the Middle District of Florida
Case No. 6:23-cv-950-GAP-LHP

Melissa J. Stewart, Esq.
Donati Law, PLLC
1545 Union Ave
Memphis, TN 38104
(901) 209-5500
melissa@donatilaw.com

*Counsel for Plaintiff-Appellee*

August 11, 2025

# CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Plaintiff-Appellee HM Florida-ORL, LLC is not a publicly owned corporation, nor is it owned by any parent corporation with financial interest in the outcome of this case.

Plaintiff-Appellee certifies that, to the best of its knowledge, the following is a complete list of interested persons as required by Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 through 26. 1-5:

1. America First Legal Foundation
2. Costello, David M.
3. Department of business and Professional Regulation, State of Florida
4. DeSantis, Ron
5. DeSousa, Jeffrey Paul
6. Forrester, Nathan A.
7. Griffin, Melanie
8. Huang, Allen L.
9. HM Florida-ORL, LLC
10. Israel, Gary S.
11. Mitchell, Jonathan F.

12. Monson, Darrick

13. Moody, Ashley

14. Presnell, Hon. Gregory A.

15. Price, Hon. Leslie Hoffman

16. Stafford, William H.

17. Stewart, Melissa J.

18. Teeter, Shelby N.

19. Uthmeier, James

20. Whitaker, Henry Charles

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ iv

INTRODUCTION ...............................................................................................1

ARGUMENT .......................................................................................................1

I.      The Secretary's Motion is Procedurally Improper ............................................1

II.     The Secretary Has Not Satisfied the Prerequisites for Obtaining a Stay. .........3

      A. The Secretary has not shown that she is likely to succeed on the merits....4

      B. The remaining factors weight in favor of HM .............................................6

CONCLUSION....................................................................................................9

CERTIFICATE OF COMPLIANCE ..................................................................10

CERTIFICATE OF SERVICE ...........................................................................11

# TABLE OF AUTHORITIES

**Cases**

*Broadrick v. Oklahoma*,
   413 U.S. 601 (1973) .................................................................................5, 6

*Burton v. Warden*,
   No. 17-11536, 2017 U.S. App. LEXIS 19726 (11th Cir. Sep. 29, 2017) ..............3

*Cornea v. United States AG*,
   No. 18-14326-D, 2018 U.S. App. LEXIS 32902 (11th Cir. Nov. 20, 2018) .........2

*Daker v. Head*,
   Nos. 15-10176-EE, 15-10144-EE, 2018 U.S. App. LEXIS 11451 (11th Cir. May 1, 2018)..................................................................................................................2

*Democratic Executive Committee of Fla. V. Lee*,
   915 F.3d 1312 (11th Cir. 2019) ................................................................................3

*FF Cosmetics FL, Inc. v. City of Miami Beach*,
   866 F.3d 1290 (11th Cir. 2017) ................................................................................5

*Griffin v. HM Florida-ORL*,
   144 S. Ct. 1 (2023).................................................................................................4, 5

*Nken v. Holder*,
   556 U.S. 418 (2009) ................................................................................................3

*Smith v. St. Joseph's/Candler*,
   No. 18-12144, 2018 U.S. App. LEXIS 25786 (11th Cir. Sep. 11, 2018) ..............2

*Sorrell v. IMS Health Inc.*,
   564 U.S. 552 (2011) .................................................................................................7

*Trump v. CASA, Inc.*,
   606 U.S.145 S. Ct. 2540 (June 27, 2025).........................................................1, 4

*U.S. SEC v. Craig*,
   No. 21-14377-JJ, 2022 U.S. App. LEXIS 21091 (11th Cir. July 29, 2022) ..........1

*United States v. Drogoul*,
  1 F.3d 1546 (11th Cir. 1993) ............................................................................... 1

*Zaklama v. Mount Sinai Med. Ctr.*,
  906 F.2d 645 (11th Cir. 1990) ............................................................................... 2

**Rules**

Fed. R. App. P. 8 ........................................................................................................ 1, 2

## INTRODUCTION

The Secretary seeks a partial stay of the district court's injunction pending this Court's consideration of her motion for rehearing en banc. Doc. 100 at 8. But the Secretary's motion is procedurally improper, because she failed to first seek the district court's leave for a stay as required. Additionally, the Secretary has not demonstrated that she is likely to succeed on the merits of her claim, or that she will suffer irreparable harm if the injunction is not stayed. This Court should deny her motion.

## ARGUMENT

### I.  The Secretary's Motion is Procedurally Improper

The Secretary's motion is procedurally barred because she did not seek a stay in the district court. This Court "generally require[s] the district court to rule on the question of a stay in the first instance." *U.S. SEC v. Craig*, No. 21-14377-JJ, 2022 U.S. App. LEXIS 21091 (11th Cir. July 29, 2022) (quoting *United States v. Drogoul*, 1 F.3d 1546, 1558 N.29 (11th Cir. 1993); Fed. R. App. P. 8(a)). Although the Secretary presents her motion as "renewed," she makes new arguments based on the Supreme Court's recent decision in *Trump v. CASA, Inc.*, 145 S. Ct. 2540 (June 27, 2025). *See* Doc. 100, p. 6-12 (arguing that *CASA* precludes state-wide relief in this matter). The Secretary is thus seeking a partial stay on new grounds not previously considered by the district court.

The Secretary acknowledges that she was required to either seek a stay in district court or explain why moving for a stay below was "impracticable." Doc. 100 at n4; FRAP 8(a)(2)(A) ("The motion must: (i) show that moving first in the district court would be impracticable; or (ii) state that, a motion having been made, the district court denied the motion or failed to afford the relief requested and state any reasons given by the district court for its action."). In a single footnote, the Secretary asserts that "because the mandate has been withheld, DE86 (11th Cir.), '[t]his [C]ourt retains jurisdiction over [the] appeal.'" Doc. 100, FN4 (quoting *Zaklama v. Mount Sinai Med. Ctr.*, 906 F.2d 645, 649 (11th Cir. 1990)). This is a non-sequitur. The district court retains jurisdiction to consider a motion for stay even after this Court acquires jurisdiction over an appeal; that is the function of Rule 8(a). *Cornea v. United States AG,* No. 18-14326-D, 2018 U.S. App. LEXIS 32902 (11th Cir. Nov. 20, 2018) (citing Fed R. App. P. 8(a)); *See also, Smith v. St. Joseph's/Candler*, No. 18-12144, 2018 U.S. App. LEXIS 25786 (11th Cir. Sep. 11, 2018) (denying without prejudice appellant's motion for preliminary injunction because she had not yet sought relief in the district court and had not shown that it would have been impracticable to do so); *Daker v. Head*, Nos. 15-10176-EE, 15-10144-EE, 2018 U.S. App. LEXIS 11451 (11th Cir. May 1, 2018) (denying without prejudice appellant's motion for a stay because appellant had not first sought relief in the district court); *Burton v. Warden*, No. 17-11536, 2017 U.S. App. LEXIS 19726 (11th Cir. Sep. 29,

2017) (denying without prejudice a death row inmate's motion to stay his execution, because he had at least two weeks before his scheduled execution, and thus it was not impracticable for him to first seek relief from the district court).

The Secretary did not seek the district court's leave for a partial stay as required, let alone show that it would be "impracticable" to do so. Her motion should be denied.

## II. The Secretary Has Not Satisfied the Prerequisites for Obtaining a Stay

In considering a motion for stay, this Court considers four factors: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits, (2) whether the applicant will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding, and (4) where the public interest lies." *Democratic Executive Committee of Fla. V. Lee*, 915 F.3d 1312, 1317 (11th Cir. 2019) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009)). "The First two factors are the most critical," and to "satisfy its burden as to those factors, the party seeking the stay must show more than the mere possibility of success on the merits or of irreparable injury." *Id.* The Secretary has not satisfied any of the four requisite factors.

### A. The Secretary has not shown that she is likely to succeed on the merits.

On the merits, the Secretary argues that the Supreme Court's recent holding in *CASA* precludes statewide relief in this case, and thus, the Secretary is likely to succeed in narrowing the scope of the injunction. But a six-Justice majority has already rejected the Secretary's scope-of-relief arguments and distinguished them from *CASA*. *Griffin v. HM Florida-ORL*, 144 S. Ct. 1 (2023). Justice Kavanaugh, in a written statement, explained that "the context of a First Amendment overbreadth challenge" involves "its own doctrinal complexities about the scope of relief." *Id.* (statement of Kavanaugh, J.). Justice Kavanaugh's statement was joined by Justice Barrett, who authored the majority opinion in *CASA*. That opinion does not mention the First Amendment or discuss the overbreadth doctrine – precisely because of the unique doctrinal issues that arise in this context.

Nevertheless, the Secretary claims that "*CASA* cited this very case—presenting a claim of overbreadth—in noting the need to address the propriety of universal relief." Doc. 100 at 10 (citing *CASA*, 145 S. Ct. at 2550). But *CASA* does not cite to Justice Kavanaugh's statement in *HM* as a *reason* for addressing the question of universal relief, but merely as one example of how various Justices have "repeatedly emphasized" the need to address the question of universal relief. *See CASA*, 145 S. Ct. at 2550 (stating that "Members of this Court have repeatedly emphasized" the need to address the question of universal relief and citing Justice

4

Kavanaugh's statement in *HM* as one such example). In his statement regarding relief in the instant case, Justice Kavanaugh wrote that the question of universal injunctions "is an important question that could warrant our review in the future. **But the issue arises here in the context of a First Amendment overbreadth challenge, which presents its own doctrinal complexities about the scope of relief.**" *Griffin v. HM Florida-ORL, LLC*, 144 S. Ct. at 2 (emphasis added). *CASA*'s single citation to the first part of this statement does not negate the second part.

Still, the State denies the special nature of First Amendment overbreadth cases. The "overbreadth doctrine allows plaintiffs 'to challenge a statute not because their own rights of free expression are violated, but because of a judicial prediction or assumption that the statute's very existence may cause others *not before the court* to refrain from constitutionally protected speech or expression.'" *Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973) (emphasis added) (internal citations omitted). "The consequence of our departure from traditional rules of standing in the First Amendment area is that *any enforcement of a statute thus placed at issue is totally forbidden* until and unless a limiting construction or partial invalidation so narrows it as to remove the seeming threat or deterrence to constitutionally protected expression.'" *FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290, 1300 (11th Cir. 2017) (emphasis added) (quoting *Broadrick*, 413 U.S. at 613). This is not the "implicit acquiescence" of universal injunctions addressed by *CASA*. *See CASA*,

5

145 S. Ct. at 2553 n.7 ("[I]mplicit acquiescence to a broad remedy has no precedential effect." (internal citations omitted)). Rather, *Broadrick* explicitly permits broad relief where a court finds a challenged statute is an unconstitutionally overbroad restriction on speech. Indeed, the *Broadrick* court clearly understood the unusual nature of this broad relief, warning that such "strong medicine" should be employed "sparingly and only as a last resort." *Broadrick*, 413 U.S. at 613. Nothing in *CASA* can reasonably be read as overruling this explicit and long-established precedent. The Secretary is thus unlikely to succeed on the merits of her claims.

### B. The remaining factors weigh in favor of HM

The Secretary argues that Florida "will continue to suffer irreparable harm absent a partial stay." Doc. 100 at 12. The Secretary cites again to *CASA* for the proposition that the State suffers irreparable harm when a universal injunction "improperly intrudes" on the government's ability to enforce its laws against nonparties. But as previously discussed, there is nothing improper about the scope of the district court's injunction in this case. Both the district court and the panel on appeal have found that the challenged Act is an unconstitutionally overbroad restriction on speech; long-established overbreadth doctrine requires that "any enforcement of a statute thus placed at issue is totally forbidden," until and unless the statute can be narrowed so as to remove the constitutional defect. *Broadrick*, 413 U.S. at 613. The scope of the injunction is thus entirely proper, and the State will

suffer no harm because it is prohibited from violating the First Amendment rights of its citizens.

The Secretary also argues that HM will suffer no harm pending appeal because "a partial stay will leave HM fully protected by the injunction." Doc. 100 at 19. This Court should reject the argument that restrictions on the speech of non-parties have no impact on the speech of the litigants themselves. Speech, art, and expressive conduct do not take place in a vacuum. Rather, they are an ongoing conversation within our society. Drag, as an art form, is frequently commentary on and a reflection of the broader social conversation, including other drag performances.[1] The First Amendment protects "a free marketplace of ideas, a marketplace that provides access to 'social, esthetic, moral, and other ideas and experiences.'" *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 583 (2011). Muting every other party in the "marketplace of ideas" inherently limits HM's speech.

HM is not asserting its right not to lose its liquor license; it is asserting its right to be free from prior restraints on speech. HM suffers harm because its own speech is threatened by the Act, but that is not the *only* cause of harm. HM also suffers harm because the speech of nonparties is threatened by the Act. HM is harmed because, as the panel opinion explains, the First Amendment rights of its

---

[1] https://www.nytimes.com/2018/01/24/magazine/is-rupauls-drag-race-the-most-radical-show-on-tv.html

patrons are threatened by the Act. Most minors who are too young to drive do not have a photo ID, but "would need to obtain and present proof of age to access even performances that are constitutionally protected speech for their age." Doc. 82 at 73. Such a barrier to accessing protected speech would deter families from patronizing HM's restaurant. Additionally, drag performers typically perform in a number of different venues, in different municipalities. If performers cannot be sure how and where the law is applied, they will feel compelled to censor their performances generally. Appellee is a Hamburger Mary's franchisee, and other franchises exist within Orange County and Florida more broadly that host drag performances. How is a performer to be sure whether they are performing at the *one* Hamburger Mary's that is protected from enforcement of the Act? Thus, the free expression of HM's performers, and of HM, is chilled.

Finally, the Secretary asserts that public interest will be served by narrowing the scope of the injunction, because it will force additional litigation and will "encourage multiple judges to weigh in" on the issue. This is not so much a statement of actual public interest as it is a discussion fit for a law school seminar. The notion that the public interest is served by permitting the State to violate the constitutional rights of its citizens is facially absurd, and the Secretary's desire to survey the federal judiciary does not outweigh the First Amendment rights of Floridians.

## CONCLUSION

The Secretary's motion is procedurally barred. Additionally, the First Amendment overbreadth doctrine permits broad relief. An attack on the fundamental right to free speech is an attack on society itself and implicates HM's interests beyond a mere liquor license. For these reasons, this Court should DENY the Secretary's motion.

Respectfully submitted,

*/s/ Melissa J. Stewart*
Melissa J. Stewart TN# 40638
Donati Law, PLLC
1545 Union Ave.
Memphis, TN 38104
(901) 209-5500
melissa@donatilaw.com
*Attorney for Plaintiff-Appellee*

# CERTIFICATE OF COMPLIANCE

1. This document complies with the Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts exempted by Federal Rule of Appellate Procedure 27(a)(2)(B), it contains 2,007 words

2. This document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 27, Federal Rule of Appellate Procedure 32(a)(5), and Federal Rule of Appellate Procedure 32(a)(6), because this document has been prepared in a proportionally spaced typeface in 14-point Times New Roman font using Microsoft Word.

                                            */s/ Melissa J. Stewart*
                                            Melissa J. Stewart
                                            *Counsel for Plaintiff-Appellee*

# CERTIFICATE OF SERVICE

I certify that on August 11, 2025, I electronically filed this Response with the Clerk of Court using the Court's CM/ECF system, which will send a notice of docketing activity to all parties who are registered through CM/ECF.

 /s/ Melissa J. Stewart  
Melissa J. Stewart  
*Counsel for Plaintiff-Appellee*
